UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,
    Plaintiff,　　　　　　　　　　Case No. 22–cr–20268

v.

　　　　　　　　　　　　　　　Hon. Bernard A. Friedman

Corey Gibbs,
    Defendant.

_____

**Defendant's Motion for Revocation of Detention Order and Pretrial Release**

    Defendant moves this Honorable Court to grant him bond pending trial and reverse the November 16, 2022 Order revoking his bond and remanding him into custody. (ECF No. 23).

    Counsel for the Defendant sought concurrence for the relief sought in this motion from the Assistant United States Attorney assigned to the case, and the same was denied.

    Respectfully submitted,

/s/*Mark H. Magidson*
Mark H. Magidson (P25581)
Attorney for Defendant
The David Whitney Bldg
One Park Avenue, Suite 1207
Detroit, MI 48226
(313) 963-4311
mmag100@aol.com


Dated: April 3, 2023

## Brief in Support of
## Defendant's Motion Revocation of Detention Order and Pretrial Release

### Facts

Defendant Corey Gibbs has been charged with being a felon in possession of firearms under 18 U.S.C. § 922(g)(1).

Following his arrest Gibbs was placed in pretrial release with the usual conditions of no illegal drug use and reporting regularly to pretrial services. Gibbs was addicted to heroin, and despite his best efforts, the addiction was greater than the prohibitions set by pretrial services. He tested positive and was referred to counseling, but he continued to use.

A petition was filed to modify his bond, and on November 16, 2022 his bond was revoked. (ECF No. 23). Gibbs had overdosed the prior month and wound up in an ER where he contracted Covid-19. From there, he returned home and was sick from Covid and "dope-sick" from heroin withdrawal.

His child was born the day before his bond was revoked.

Since being remanded into custody, Gibbs has been drug-free for five months, the longest time in years. He is in the St. Clair County Jail, and while drugs in jail are more difficult to obtain, they still are available. He has chosen not to use and will take a drug test any time.

Inmates at the St Clair County Jail have access to "tablets" that are preprogrammed. The tablet contains programming that has many drug-related videos designed for the purpose of promoting discussion of the impact of addiction to primarily heroin, and the techniques to avoid drug use.

One of the programs is produced by the FBI, entitled "Chasing the Dragon," which is a series of interviews of everyday people who became addicted to heroin. The emphasis of the podcast shows that heroin addiction is an "equal opportunity" event, and it shows how people who had normal and even privileged backgrounds can succumb to the perils of addiction.

That podcast then has links or references to other podcasts that Gibbs has watched. They are about an hour in length, and in total, he has watched over 30 hours of these episodes relating to the theme of drug addiction and tools to avoid going down that rabbit hole. Watching these podcasts has inspired conversations by Gibbs with other inmates and a realization that there was not something inherently wrong with him. He now has the self-confidence to know that he can do better.

Gibbs' child was born the day before he was detained on November 15, 2022. He had spent the night in the hospital with his wife and newborn child and drove directly to court form the hospital.

If released, he would be staying at his home with his wife, Alex Gearheart.She would be responsible to make sure he appeared in court and to report to pretrial services meetings. Gibbs would be willing to do daily drug testing and to wear a tether with a curfew. He would enroll in drug counseling and therapy. His plan would be primarily to assist his wife with their child since she has to return to work and to wind down his own business. Gibbs understands that there would be a zero tolerance for any future violation.

## Argument

This Court may reopen a hearing if it: (1) finds that information exists that was not known to the defendant at the time of the original hearing; and (2) the information "has a material bearing on the issue whether there are conditions of release that will reasonably assure" the defendant's appearance and the safety of the community. 18 U.S.C. § 3142(f)(2).

In this case, enough time has passed since the November 16, 2022 revocation hearing that Gibbs' newborn child needs his care because Gibbs' wife must now return to work, Gibbs needs to close his own business, and he has been clean and sober for five months after getting the self-help, substance abuse treatment from the FBI podcasts in jail.

"The judicial officer shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond … unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b).

The charge of being a felon in possession of firearms under 18 U.S.C. § 922(g)(1), is not a crime of violence. *United States v. Hardon*, No. 98-1625, 1998 U.S. App. LEXIS 12180, pp. 2-3 (6th Cir. June 4, 1998) (citing *United States v. Gloster*, 969 F. Supp. 92, 95 (1997); and 18 U.S.C. § 3156(a)(4)(B)).

Gibbs will not be a threat to any other person or the community, and bond conditions will reasonably assure his appearance in court.

> If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person —
>
>> (A) subject to the condition that the person not commit a Federal, State, or local crime during the period of release …; and
>>
>> (B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person--
>>
>>> (i) remain in the custody of a designated person, who agrees to assume supervision and to report any

violation of a release condition to the court, if the designated person is able reasonably to assure the judicial officer that the person will appear as required and will not pose a danger to the safety of any other person or the community;

(ii) maintain employment, or, if unemployed, actively seek employment;

(iii) maintain or commence an educational program;

(iv) abide by specified restrictions on personal associations, place of abode, or travel;

(v) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense;

(vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;

(vii) comply with a specified curfew;

(viii) refrain from possessing a firearm, destructive device, or other dangerous weapon;

(ix) refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), without a prescription by a licensed medical practitioner;

(x) undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose;

(xi) execute an agreement to forfeit upon failing to appear as required, property of a sufficient

    unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required, and shall provide the court with proof of ownership and the value of the property along with information regarding existing encumbrances as the judicial office may require;

    (xii) execute a bail bond with solvent sureties; who will execute an agreement to forfeit in such amount as is reasonably necessary to assure appearance of the person as required and shall provide the court with information regarding the value of the assets and liabilities of the surety if other than an approved surety and the nature and extent of encumbrances against the surety's property; such surety shall have a net worth which shall have sufficient unencumbered value to pay the amount of the bail bond;

    (xiii) return to custody for specified hours following release for employment, schooling, or other limited purposes; and

    (xiv) satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community. [18 U.S.C. § 3156(c)(1).]

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of any other person and the community, a Court shall take into account the available information concerning

    (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

    (2) the weight of the evidence against the person;

  (3) the history and characteristics of the person, including--

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

  (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. [18 U.S.C.§3142(g).]

  As explained earlier, although Gibbs' child was born the day before his bond revocation hearing, his wife was able to care for the child at that time. Now Gibbs' wife must return to work, and the child needs Gibbs' care. It is in the best interests of the child to be cared for by a parent.

  Gibbs would be able to care for his daughter while this case is pending, particularly if he is mostly confined under bond conditions to theresidence that he shares with his wife, who agrees to assume supervision of Gibbs and to report any violation of a release condition to this Court, pursuant to 18 U.S.C.§3142(c)(1)(B)(i).

  Additionally, since being remanded, Gibbs has been clean and sober for five months. He has obtained a head start on a substance abuse recovery program,

which he could maintain and make progress with outpatient treatment and counseling.

Finally, Gibbs is self-employed as a tattoo artist, and as this case has pending, it becomes increasingly more difficult to salvage his business so that it will be available when he is finished with this case.

WHEREFORE, Defendant moves this Honorable Court to grant his Motion for the Revocation of the Detention Order and to grant him a bond with conditions, pending trial.

Respectfully submitted,

/s/*Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant
The David Whitney Bldg
One Park Avenue, Suite 1207
Detroit, MI 48226
(313) 963-4311
mmag100@aol.com

Dated: April 3, 2023

## Certificate of Service

I certify that on April 3, 2023, I electronically filed the above *Motion* with the Clerk of the Court using the CM/ECF system, which served the document(s) to the parties of record.

/s/<u>Mark H. Magidson</u>
MARK H. MAGIDSON (P25581)
Attorney for Defendant